**No. 63595.**—W. J. Bush & Co., Inc., et al. *v.* United States, protests 149371–K, etc. (New York).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in *Dalton Cooper, Inc., et al.* v. *United States* (41 Cust. Ct. 271, C.D. 2051), the claim of the plaintiffs was sustained.

DONLON J., dissented for the reasons set forth in her dissenting opinion in C.D. 2051, *supra.*

BEFORE THE THIRD DIVISION, DECEMBER 11, 1959

**No. 63596.**—Perry Bayliss Wiley (U.S.A.), Inc., and Inter-Maritime Forwarding Co., Inc. *v.* United States, protests 324919–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of automobile tires similar in all material respects to those the subject of *A. N. Deringer, Inc.* v. *United States* (38 Cust. Ct. 327, C.D. 1882), the claim of the plaintiffs was sustained.

**No. 63597.**—Baltic Trading Co., Ltd., et al. *v.* United States, protests 58/19909, etc. (New York).

Opinion by JOHNSON, J.  It was stipulated that an allowance was made for gelatinous substance on certain canned hams and similar pork products equal to 8 or 10 percent of the contents of the tins, whereas there should have been an allowance of 12 percent.  In accordance with stipulation of counsel and following *Axel Stokby et al.* v. *United States* (4 Cust. Ct. 343, C.D. 358), the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight of the contents of the tins, less an allowance for gelatinous substance equal to 12 percent of the content of each tin.